

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00033-CV

Michael J. **FRENCH**,
Appellant

v.

**NEW HAMPSHIRE INSURANCE COMPANY**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-15641
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Jason Pulliam, Justice

Delivered and Filed:  April 20, 2016

DISMISSED FOR WANT OF PROSECUTION

On March 22, 2016, we notified pro se Appellant Michael J. French that his brief filed on March 16, 2016, failed to comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1.  We recited some of the defects in his brief: e.g., no part of the brief contained any citations to the clerk's record, the brief failed to list or cite any authorities to support Appellant's arguments, and the brief contained no proof of service. *See id.* R. 9.5(d), (e).

We struck Appellant's brief and ordered him to file an amended brief that corrected the listed deficiencies and fully complied with the applicable rules. *See, e.g.*, *id.* R. 9.4, 9.5, 38.1.  We

warned Appellant that if the amended brief did not comply with our order, we could "strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a)(1) (authorizing this court to dismiss an appeal if an appellant fails to timely file a brief).

On April 8, 2016, Appellant filed an amended brief. The amended brief contains an index of authorities and other sections required by Rule 38.1 (*e.g.*, Identity of Parties and Counsel, Table of Contents), but it fails to comply with Rule 38.1. The 624 page brief, including approximately 606 pages of exhibits that do not appear to be from the clerk's record, refers to the Railway Labor Act of 1926, a collective bargaining agreement from 2003, a few foreign jurisdiction cases (without citations), and other materials.

Appellee moved for summary judgment on the basis that Appellant failed to satisfy the relevant provisions of the Texas Labor Code, *see* TEX. LAB. CODE ANN. § 406.071 (West 2015), and the trial court granted the motion against Appellant. But Appellant's brief contains no citations to appropriate authorities and no citations to the record. *Contra* TEX. R. APP. P. 38.1(i) (requiring "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). The statement of the case section comprises about six pages of assertions of facts pertaining to Appellant's claims, but does not address the summary judgment motion or state how the trial court erred by granting the motion. The brief does not cite or address section 406.071 of the Texas Labor Code. Instead, the summary of argument section consists of three sentences arguing that Appellant's "case warranted being heard and was never given that right." There is no argument section. *Contra id.*

Appellant's brief is wholly inadequate to present any questions for appellate review. *See Ruiz v. State*, 293 S.W.3d 685, 693 (Tex. App.—San Antonio 2009, pet. ref'd); *Robert L. Crill, Inc. v. Bond*, 76 S.W.3d 411, 423 (Tex. App.—Dallas 2001, pet. denied). We strike Appellant's

amended brief and dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b).

PER CURIAM